**UNITED STATES of America,**
**Appellee,**

v.

**Hipolito COLLANTE, also known as**
**Pollo, Defendant–Appellant.**

No. 06–5492–cr.

United States Court of Appeals,
Second Circuit.

May 22, 2008.

Sally Wasserman, New York, NY, for Defendant–Appellant.

Elie Honig, Assistant United States Attorney (Celeste L. Koeleveld, Assistant United States Attorney, of counsel), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. WALKER, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Hipolito Collante appeals from a judgment of conviction, entered on October 26, 2006, in the United States District Court for the Southern District of New York (Holwell, J.). On August 28, 1992, Collante pleaded guilty pursuant to a plea agreement for conspiring to distribute and possess with intent to distribute 50 grams and more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. Collante failed to appear for sentencing. A bench warrant was issued, and Collante remained a fugitive until June 23, 2005, when he was arrested in the District of Connecticut. He was sentenced principally to 120 months' imprisonment and five years of supervised release. We presume the parties' familiarity with the underlying facts and procedural history of the case.

Collante asserts that he received ineffective assistance of counsel, claiming that his counsel at sentencing should have informed him that his 1992 guilty plea now leaves him ineligible for a deportation waiver in light of intervening amendments to immigration law and that, as a result, his counsel should have advised him to seek to withdraw his guilty plea. We reject this claim. Collante misunderstands how the intervening changes in law affect

him. Although he does not specify the provision under which he would have applied for relief, referring only to his eligibility for "a waiver of deportation," this Court assumes that Collante is referring to former Immigration and Nationality Act section 212(c) in light of his concession that his drug offense was, even in 1992, an aggravated felony for immigration purposes. Under *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), " § 212(c) relief remains available for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *Id.* at 326, 121 S.Ct. 2271; *see also Walcott v. Chertoff*, 517 F.3d 149, 151–52 (2d Cir.2008). Accordingly, Collante's eligibility for relief was not affected by intervening law, and his attorney did not perform unreasonably by not telling him of the change in law.

Collante also argues in a *pro se* addendum that the district court erred when it failed to require the government to file a U.S.S.G. § 5K1.1 letter, which would have permitted the court to depart downward from the statutory minimum on the basis of Collante's substantial assistance to the government. Collante contends that he jumped bail because he and his family in the Dominican Republic were receiving death threats, which he allegedly reported to his case officer. Collante claims that he fled only because protection from the government did not seem forthcoming and that a § 5K1.1 letter should not be withheld owing to his flight because it was caused in part by the government. Even assuming that the plea agreement—which was lost in the intervening fourteen years between plea and sentencing—promised a § 5K1.1 letter, the district court did not err in *sua sponte* failing to order specific performance of the § 5K1.1 letter. When

there is a plea agreement, review of the prosecutor's actions is still limited to "[whether] the government has lived up to its end of the bargain" and "whether the government acted fairly and in good faith." *United States v. Brechner*, 99 F.3d 96, 99 (2d Cir.1996) (internal quotation marks omitted). Here, Collante absconded from the jurisdiction for nearly fourteen years. Failure to cooperate includes failure to appear for sentencing, and the defendant cannot—and does not—allege any bad faith on the part of the government.

For the foregoing reasons, we AFFIRM the judgment of the district court.